REINHARDT, Circuit Judge,
dissenting:
As the majority recognizes, venue in this case was proper only if Recordon & Recordon “expressly aimed” its conduct at the Northern District of California. The majority here finds express aiming based entirely on (1) the foreseeable harm suffered by Brayton Purcell as a result of Recordon & Recordon’s passive website, (2) Recordon & Recordon’s knowledge of Brayton Purcell’s residence in the Northern District, and (3) the fact that while Stephen and Kathy Recordon practice law in the Southern District exclusively, their law licenses are valid throughout the state, including the Northern District.[1] In doing *1132 so, the majority disregards controlling circuit authority, which establishes that “something more” than the “foreseeable effect” of an intentional tort committed against a party known to be a resident of the forum is required to establish venue. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (9th Cir.2006) (internal quotation omitted). “Something more,” however, must be “something more” than the unexercised right to practice law or otherwise do business in a particular forum.
Venue requires “conduct directly targeting the forum.” Rio Props., Inc. v. Rio Int’l Interlink 284 F.3d 1007, 1019 (9th Cir.2002). Because Recordon & Recordon’s website was targeted exclusively at the Southern District, as the undisputed facts in the record reflect, its conduct was clearly not “expressly aimed” at the Northern District. Pebble Beach, 453 F.3d at 1158. Accordingly, the “expressly aimed” test was not met, and venue did not lie in the Northern District.
I.
The undisputed record here establishes that Recordon & Recordon limited its legal practice to Southern California. The firm operated exclusively out of Southern California, practiced entirely in Southern California, and had never had any clients or legal work in the Northern District.[2] Accordingly, it is beyond dispute that the “elder law” material on Recordon & Re-cordon’s website was directed toward clients or prospective clients in Southern California exclusively. The Recordons so stated in their declarations and Brayton Purcell submitted no affidavit or declaration stating otherwise. Brayton Purcell did not even allege in its complaint that the Recordons had in any way targeted prospective clients in the Northern District.
Venue was proper in the Northern District only if Recordon & Recordon “ ‘(1) committed an intentional act, (2) expressly aimed at the [Northern District], (3) causing harm that [Recordon & Recordon] kn[ew] [was] likely to be suffered in the [Northern District].’ ” Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir.2006) (en banc) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 803 (9th Cir.2004)) (emphasis added). As the majority notes, the second prong, “express aiming,” requires that Recordon & Recordon have engaged in “conduct directly targeting the forum,” i.e. the Northern District. Maj. Op. at 1129 (quoting Rio Props., Inc., 284 F.3d at 1019). The majority holds that Recordon & Recordon’s conduct was “targeted” at the Northern District of California because Recordon & Recordon “ma[de] commercial use of Bray-ton Purcell’s copyrighted material for the purpose of competing with Brayton Purcell for elder abuse clients.” Maj. Op. at 1129. If Recordon & Recordon did compete, however, it did so only in the Southern District, where it practiced exclusively. That, of course, is quite the opposite of “directly targeting the forum.”
The only fact actually linking Recordon & Recordon’s actions to the Northern District was its knowledge of Brayton Purcell’s residence in that district. The majority, however, sees such a link in the Recordons’ possession of California law licenses. Maj. Op. at 1129-30. While the majority is correct that the Recordons are licensed to practice law throughout California, including the Northern District, that fact in no way demonstrates a direct targeting of the Northern District, any more than would the use of a passive website by any business that operated solely in Southern California with or with *1133 out a license to do business throughout the state. The Recordons could not practice law in the Southern District without obtaining licenses to practice in the entire state of California. Possessing such a license no more converts behavior expressly aimed at the Southern District into conduct expressly aimed at the Northern District than would a foreign person’s possession of a visa to come to the United States to solicit business in California constitute the basis for a holding that he was engaged in the direct targeting of the state of Iowa. Something more is required: specifically “conduct directly targeting” the actual forum in question, not simply the unexercised legal right to target a broader geographic or political entity. No such targeting conduct exists here.
The majority seeks to avoid this basic deficiency in Brayton Purcell’s pleading by transmuting the requirement that there be conduct directly targeting the forum into what it calls “individualized targeting,” which, as used by the majority, turns out to mean an intentional act harming an individual or entity that the defendant knows to be a resident of the forum. Maj. Op. at 1129-30. But the law requires targeting of the forum in addition to causing foreseeable damage to one known to be a resident of the forum. Finding “express aiming” in the circumstances relied upon by the majority is contrary to the law of this circuit, which provides that express aiming constitutes a separate factor that must be met in addition to the two other factors: knowledge of the plaintiffs residence and an intentional tort causing harm to the plaintiff. In Schwarzenegger v. Fred Martin Motor Co., for example, the defendant committed an intentional act of intellectual property infringement, the unauthorized use of Arnold Schwarzenegger’s photograph in advertisements, knowing Schwarzenegger to be a Californian. 374 F.3d at 799, 807. That act ultimately caused Schwarzenegger harm. Id. at 807. Nonetheless, we found no “express aiming” because the advertisement was directed entirely at Ohio. Id. The court explained,
Fred Martin’s intentional act — the creation and publication of the Advertisement — was expressly aimed at Ohio rather than California. The purpose of the Advertisement was to entice Ohioans to buy or lease cars from Fred Martin and, in particular, to “terminate” their current car leases.... It may be true that Fred Martin’s intentional act eventually caused harm to Schwarzenegger in California, and Fred Martin may have known that Schwarzenegger lives in California. But this does not confer jurisdiction, for Fred Martin’s express aim was local.
Id. (emphasis added). This passage from Schwarzenegger could not be clearer: Express aiming requires “something more” than an intentional, tortious act causing harm to a known resident of a state in order for that state to attain forum status. Here, it requires conduct designed “to entice” Northern Californians to retain Re-cordon & Recordon’s services. Given that Recordon & Recordon provides such services only in Southern California, and has never provided such services to any resident of the Northern District, plaintiffs fail to meet the Schwarzenegger standard.
Likewise, in Pebble Beach Co., the defendant maintained a passive website that infringed upon the trademark of a business known to him to be located in California — the Pebble Beach golf course and resort. 453 F.3d at 1153-54. Following Schzvarzenegger, the court found no “express aiming” because the website was not directed at California. Id. at 1158. In language directly applicable here, the court explained, “where the sole basis for [finding express aiming] is a non-interactive passive website .... the fact that [the *1134 defendant’s] website is not directed at [the forum] is controlling” and precludes a finding that venue is proper. Id. at 1158.
Pebble Beach and Schwarzenegger establish that knowledge of the plaintiffs residence and a foreseeable harm to the plaintiff are, standing alone, insufficient to establish express aiming. Renaming that insufficient combination “individualized targeting” cannot override the requirement that a defendant engage in conduct specifically directed at the district in which the plaintiff hopes to establish venue. Re-cordon & Recordon’s actions involved nothing more than the maintaining of a non-interactive, passive website targeting customers in Southern California with knowledge that the owner of the material being improperly used lived in Northern California. Just as the purpose of the advertisement in Schwarzenegger was to “entice” individuals in Ohio to buy automobiles in that state, the purpose of Recordon & Recordon’s website was to entice potential customers in the Southern District to purchase Recordon & Recordon’s legal services. The fact that Recordon & Recordon used a passive website rather than a print advertisement to attract customers is of no consequence: Pebble Beach, relying heavily on Schwarzenegger, establishes that, with regard to “express aiming,” a passive, noninteractive website is treated no differently than a print advertisement. If a website is not directed at customers in a forum, the defendant’s conduct in maintaining the website is not targeted at that forum. Pebble Beach Co., 453 F.3d at 1158.
Here, the dispositive factor in the case is that Recordon & Recordon maintained its offices, practiced law, and litigated in the Southern District exclusively. No facts to the contrary are pled in the complaint and no contrary allegation is contained anywhere in the record. There is no indication, therefore, that Recordon & Recordon’s website was directed to an audience other than one located entirely outside of Northern District. The closest the majority comes to questioning that fact is when it says that although the website shows that Recordon & Recordon’s offices are in Southern District, it doesn’t state expressly that the firm’s practice is limited to that area. Maj. Op. at 1129. This is a rather feeble attempt at a negative pregnant, and does not constitute evidence of any kind that Recordon & Recordon has engaged in the practice of law in Northern District or directed its website at that District. Accordingly, Pebble Beach and Schwarzenegger preclude a finding of “express aiming.”
In its attempt to evade the controlling authority, the majority asserts that Pebble Beach and Schwarzenegger are inapplicable because the disputed material on Re-cordon & Recordon’s website “allegedly placed the two law firms in competition in the area of elder abuse law and created confusion among potential clients as to the true authorship of the elder abuse material.” Maj. Op. at 1130. These consequences, even were they true, would constitute nothing more than the “harm ... suffered” by Brayton Purcell as a result of Recordon & Recordon’s actions. Yahoo! Inc., 433 F.3d. at 1206. In relying upon the foreseeable effects of Recordon & Re-cordon’s actions to establish express aiming, the majority reduces the three distinct prongs of the test for personal jurisdiction to two, and adopts an approach to the express aiming requirement expressly rejected in Pebble Beach. As Pebble Beach explained, “showing ‘effect’ satisfies only the third prong of the [ ] test — it is not the ‘something more’ that is required” to establish express aiming. 453 F.3d at 1160.
II.
Although the stakes of the particular dispute between Brayton Purcell and Re- *1135 cordon & Recordon are minor, the consequences of the majority’s opinion will be major. By ignoring the rules established by Schwarzenegger and Pebble Beach and endorsed by Yahoo! Inc., the majority undermines this circuit’s recent efforts to bring clarity to the law of specific personal jurisdiction. Clear rules are important in this area, because personal jurisdiction is a threshold issue in every lawsuit and the erroneous exercise of personal jurisdiction deprives all subsequent proceedings of legal effect. Unfortunately, in abandoning the simple and easily applied rule established by Sckivarzenegger and Pebble Beach, the majority substitutes the unguided suggestion that some in-forum effects amount to “express aiming,” while others do not, and leaves litigants and lower courts without any clear principle by which to determine in what forum venue is appropriate.
More important, the majority opinion would permit a defendant who resides in Ohio, Florida, or Maine, thousands of miles from the Ninth Circuit, to be sued in the Northern District of California based on nothing more than his knowledge that a plaintiff whose intellectual property rights he allegedly infringed resides in San Francisco and the fact that the defendant could, if he wanted, do business in that District, even if he has no intention of ever doing so. Under the majority’s opinion, every website operator faces the potential that he will be hailed into far-away courts based upon allegations of intellectual property infringement, if he happens to know where the alleged owner of the property rights resides and he is not barred from doing business there. Due process and basic principles of fairness prohibit such an expansive exercise of personal jurisdiction.
Recordon & Recordon had no connection to the Northern District of California besides its knowledge of Brayton Purcell’s residence there. Its website was targeted entirely at potential clients in the Southern District. Pebble Beach and Schwarzenegger are squarely on point and preclude a finding of express aiming in this case.
I respectfully dissent.

. The Northern District of California and the Southern District of California are treated like separate states for the purposes of establishing venue. Columbia Pictures Television v. Krypton Broad, of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir.1997), rev’d on other grounds, Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998).

. See Declarations of Kathy R. Recordon & Slephen. G. Recordon.